PRATT *v.* MARTIN.

Opinion delivered March 2, 1931.

*Hill, Fitzhugh & Brizzolara,* for appellant.
*Warner & Warner,* for appellee.

MEHAFFY, J. The appellee began this action in the Sebastian Circuit Court against the appellant to recover damages for injury to his automobile, alleged to have been caused by the appellant. The appellant is engaged in the automobile, garage, and storage business in the city of Fort Smith.

On the 23rd day of March, 1930, the appellee entered into a contract with the appellant through appellant's agent, the Ward Hotel, by the terms of which the appellant undertook and agreed to take charge of appellee's Buick sedan automobile and store it at appellant's garage in the city of Fort Smith.

Appellant, through its employee, William Clardy, took possession of said automobile to drive same to appellant's garage. Instead of driving direct to the garage, the employee of appellant drove about seven miles. He took the chauffeur of appellee, Will Chester, to the colored section of town to get him a room. He thereafter drove the car of the appellee towards the garage, and, when he reached the intersection of N. 8th and I streets, a collision occurred between the car he was driving, which was appellee's car, and a car belonging to Mr. Ivy. Appellee's car was damaged by the collision. Appellee knew nothing about his car being driven anywhere except direct to the garage, and the appellant did not know that his employee was driving the car elsewhere until after the collision.

The Ward Hotel issued the ticket for the storage of appellee's car in the regular course of business for the storage of guests' cars with appellant. This had been the custom since the hotel commenced business. After the Ward Hotel had issued the ticket, appellant's em-

ployee, Clardy, in the performance of the storage agreement, took possession of the car at the hotel and drove it away. He went first direct to the garage, but, instead of putting the car in storage, he proceeded to drive the car other places without the knowledge of appellant or appellee.

The appellee bases his right to recover on the contract of bailment with appellant. He alleges that there was a contract of bailment for the storage of his car, a violation of this contract, and damages to his car.

There was a jury trial, a verdict for $850, and judgment entered accordingly.

Appellant filed motion for new trial, which was overruled, and, to reverse the judgment of the circuit court, he prosecutes this appeal.

It would serve no useful purpose to set out the evidence in this case. It is undisputed that the employee of the appellant went to the Ward Hotel in the city of Fort Smith, got possession of appellee's car for appellant, and, instead of taking the car direct to the garage, drove about seven miles without the consent or knowledge of appellant, and, on his way returning to the garage the collision occurred which resulted in the damages to appellee's car. This was after the contract of bailment had been entered into and appellant, through his employee, had taken possession of the car.

The appellant urges a reversal of the judgment, first, because the court refused to give instructions Nos. 9, 10 and 11, requested by him, which would have submitted to the jury the question of whether Clardy, the employee of appellant, was acting within the scope of his employment at the time of the accident. The sole question in this case is whether the bailee for hire may be made to respond in damages to his bailor for a breach of his contract of bailment where the bailee's employee, instead of delivering the car direct to the garage, took the car for his own purpose without the consent of the bailee, and, while the car was in the exclusive possession of the ser-

vant of the bailee for the purpose of performing the contract of bailment, the car was damaged.

In ordinary actions against a master for injury caused by the negligence of the servant, it is well settled that the master is not liable unless the servant was at the time not only in the employ of the master, but was about the master's business. The master is liable only for the negligent acts of the servant when the acts complained of are within the scope of the employment.

It may be conceded that the courts are not in entire harmony as to whether the limit of the master's responsibility is determined by the scope of the servant's authority or by the course of his employment. There are some courts that hold that the bailee is not liable for the negligence of the servant unless the act is within the scope of his employment. Other courts hold that, in the action for the breach of contract of bailment, the injured party may recover, notwithstanding the damages done by the servant, the same as if the act had been done by the bailee himself.

As we have said, the authorities are in conflict, and it would serve no useful purpose to review them here. The authorities relied on by appellant would justify a reversal of the case if we applied the rules applicable to ordinary cases of negligence.

This suit, however, is based on an alleged breach of contract of bailment, and we think the better rule is that the possession of property, held by one as bailee, when confided to the servant of the bailee, so continues for the purposes of the master's contractual obligation to a third person until the bailee had performed his contractual obligation, and that an act done by the servant which results in the injury to the property of the third person, in the possession of the servant by the authority of the master, is the act of the master, for which the master is responsible upon contractual obligation to such third person, notwithstanding the fact that the particular

action causing the injury was done in violation of the master's instructions.

When the bailee contracts to take charge of and care for property and the property is damaged while in his possession, the liability of the bailee arises out of the contract. The master himself cannot, by any act or conduct of his own, release himself from the contract or its obligations, and he cannot accomplish by a servant that which he cannot accomplish in his own person. The liability of the master grows out of the fact that the master has failed to do the thing he agreed to do, and, if one enters into a contract to do a certain thing, such as receive property as a bailee for hire, he cannot, by either his own conduct or the conduct of a servant, release himself from liability. The act of the servant is the act of the master.

In an action for tort or negligence, the theory is that the thing done is done in obedience to the master's will, and an act done by a servant in order to render the master liable, must be done while the servant is about the master's business.

In a breach of contract for bailment, the bailee is liable if he does not do the thing agreed to be done, and it makes no difference whether the failure to perform the contract is brought about by the act of the master or his servant.

The Ohio Supreme Court said: "Possession by the servant became *ipso facto* the possession of the master. When did the possession pass from the master? Can it be said that it rests in the breast of the servant to release his master from contractual liability to a stranger to the servant by himself becoming unfaithful to his master? If so, the contract of bailment affords the bailor scant protection. If the master be not responsible for the act of his servant, the bailor, for his own security, before entering into such contract, must not only investigate and determine the trustworthiness and financial responsibility of the bailee, but must do the same with reference to

each of his servants. The doctrine of *respondeat superior* makes the master responsible for the tort of his servant done in the performance of the master's business; and an agent may bind his principal to a third person within the scope of his authority. But neither a servant nor an agent is imbued with power to absolve his master or principal from his contractual obligation to a third person by an act which, if done by the master or principal, would not have absolved him. * * * The reason that the same theories do not apply to the liability of the master for a breach by his servant of a contractual obligation of the master to a third person is that the obligation of the master to such third person does not arise out of the relationship of master and servant, but arises out of the master's contract from which he cannot by any conduct of his own alone release himself. He cannot accomplish by his servant that which he cannot accomplish in his own proper person.'' *National Liberty Ins. Co. of Amer.* v. *Sturtevant-Jones Co.,* 116 O. St. 290, 156 N. E. 446, 52 A. L. R. 705; *Corbett* v. *Smeraldo,* 91 N. J. L. 29, 102 Atl. 889; *Employers' Fire Ins. Co.* v. *Consolidated Garage & Sales Co.,* 85 Ind. App. 674, 155 N. E. 533; *Maynard* v. *James,* 109 Conn. 365, 146 Atl. 614, 65 A. L. R. 427.

In the last case cited the Connecticut court said: ''The argument of the defendants is largely based upon the thesis that they are not liable for the negligence of the helper because at the time of the accident he was not acting within the scope of his employment. However that may be, their contention overlooks a clear breach of duty which fastens an unquestionable liability upon them. One of the bases of recovery stated in the complaint is that the defendants did not regard their undertaking to store and safely keep the car for the plaintiff, and the trial court states as one of its conclusions that they did not perform this obligation. * * * We think this case does not involve the question of the master's responsibility for the tortious acts of his servants. It involves, rather, the question of the master's liability for breach of his own contract.''

In the instant case the appellant contracted as bailee to safely keep the car of appellee, and he cannot, either by his own wrongful act or the wrongful act of his servant, release himself from the obligation of this contract. *Bradley* v. *Cunningham*, 61 Conn. 485, 23 Atl. 932, 15 L. R. A. 679; *Employers' Fire Ins. Co.* v. *Consolidated Garage & Sales Co.*, 85 Ind. App. 674, 155 N. E. 533.

There are many cases that might be cited which hold that the bailee for hire is liable for a breach of contract of bailment by his servant, although the servant is not acting at the time within the scope of his employment, but we do not think it necessary to cite or review other authorities. The cases decided by this court and referred to by appellant are cases where the action was based on the negligence of the servant.

The conclusions we have reached as the ground upon which liability exists makes it unnecessary to discuss any other questions.

The judgment is affirmed.