KALLISH, for Use and Benefit of UNITED STATES FIRE INS. Co. *v.* MEYER HOTEL Co.

(*Nashville*, December Term, 1943.)

Opinion filed December 2, 1944.

FARMER, DENNEY & LEFTWICH, of Nashville, for Kallish.

LEVINE & LEVINE, of Nashville, for Meyer Hotel Co.

Mr. Justice Gailor delivered the opinion of the Court.

From an adverse decree of $602.50, the Hôtel Company, defendant, appealed to the Court of Appeals, and that Court, in a unanimous opinion, affirmed the decree of the Chancellor. The Hotel Company has filed petition for *certiorari* and assigned errors.

Complainant, Kallish, who was a soldier at the Army Air Classification Center near Nashville, drove his car to the Hermitage Hotel, and turned over the car to the doorman at the hotel, receiving a claim check therefor. The check purported to be issued by the Seventh Avenue Garage, but the doorman of the hotel filled out the name of the owner of the car and its description. Kallish was a guest of the hotel. The morning after the issuance of the check, when Kallish demanded his car and presented his check, it developed that the garage had turned over the car to another soldier. The car was finally recovered in Florida in a damaged condition and the Insurance Company of Kallish for whose use he sues, made good the loss. This suit was instituted by Kallish for the use of the Insurance Company against the hotel company for the amount of the claim so paid.

It is not disputed that the hotel company advertises that it has storage facilities for the cars of its guests and that for this it receives a financial benefit. In consideration of the Hotel Company sending the cars of its guests to the garage, the garage pays the hotel $100 per month.

The original bill laid two grounds of liability: First, that the Hotel Company as an innkeeper was liable as an insurer for the personal property which it took into its custody for its guests; secondly, that it was liable as a bailee for hire. Both the lower courts held that the hotel company was liable on the second ground as a bailee

for hire. The question of petitioner's liability as an innkeeper is, therefore, not before us.

Both these courts found, not only that the hotel company was a bailee for hire, but that the doorman of the hotel, in issuing the check to the guests, was the agent, not of the garage company, but of the hotel. The Court of Appeals further held that so far as the garagekeeper and the guests of the hotel were concerned, in view of the contract between the hotel and the garage, that the garage keeper was also an agent of the hotel company, and that further, being negligent in the delivery of the automobile to an unnamed soldier without the presentation of the issued check, that the hotel company was liable for the negligence of its agent. We think all essential aspects of the case are controlled by the opinion of *Andrew Jackson Hotel, Inc.*, v. *Platt*, 19 Tenn. App. 360, 89 S. W. (2d) 179, where in an opinion by Judge De-Witt, in an identical contract between a hotel and a garage, it was held that the garage was the agent of the hotel company. The *Platt Case* was different from the one before us in that after the car of the guest of the hotel had been stored in the garage, the guest entered into a separate contract with the owner of the garage and during the execution of the latter contract the damage occurred to the car. However, in the course of the opinion the rights, relations and responsibilities of the guest, the hotel and the garage were clearly defined. They were identical with the case before us here, and in following the Platt opinion and rendering judgment against the hotel company, we think that the courts below correctly applied the rules of law applicable.

Petitioner insists that the $100 paid by the garage to the hotel, only covered expenses and there was no profit to the hotel. Test of the class of bailment (i. e. whether

for hire) is not whether the hotel made a profit, but whether the bailor *paid* for the services of the bailee.

The hotel held itself out to its prospective guests as having storage facilities for cars, charges for such storage were carried on the guest's bill with the hotel; the hotel designated its doorman as agent to handle the details of storage for guests, and then made a contract with the garage as agent of the hotel to store the cars of its guests. So far as the guest's claim against the hotel is concerned, it is obvious that it was not dependent on whether the contract between the hotel and the garage was profitable, since the guest paid the hotel to assume the responsibility of a bailee for hire.

On the facts of the case before us, since the two lower courts concurred in finding that the garage, as agent of the hotel, was guilty of negligence, it is unnecesary to say whether, under the circumstances, an innkeeper would be an insurer of its guest's automobile, when the automobile is entrusted to the hotel, an innkeeper, for safekeeping. Such was the holding of this Court with regard to a guest's horse in *Dickerson* v. *Rogers,* 23 Tenn. 179, 40 Am. Dec. 642.

Writ denied.