## ZURICH FIRE INS. CO. OF NEW YORK v. WEIL.

Court of Appeals of Kentucky.
June 12, 1953.

Earle T. Shoup and W. Pelham McMurry, Paducah, for appellant.

Wheeler & Marshall, Paducah, for appellee.

CAMMACK, Justice.

This is an action by the Zurich Fire Insurance Company, as subrogee of its insured, Ventrelle, against the Irvin Cobb Hotel for damage to the automobile of Ventrelle, a guest at the Hotel. The circuit court, on joint motion of the parties, considered the case without a jury and entered judgment for the defendant.

Ventrelle drove his automobile to the entrance of the Hotel, parked at the curb and went in and registered. A bellboy, McManus, went with him to the car, removed his luggage and showed him to his room. Ventrelle asked McManus about storage of the automobile and McManus took his car keys and gave him a claim check. McManus then placed the keys and the stub of the claim check on the registration desk and told the room clerk to call the garage. When Ventrelle called for his automobile the next day it was missing and was later discovered wrecked several miles away. Subsequently it was learned that another bellboy, Franklin, had filched the keys from the desk and taken the car.

The trial court found that the Hotel had not undertaken to provide storage facilities for automobiles belonging to its guests, but had merely made an arrangement with the Ray H. Mullen Company whereby a guest could store his car with the Mullen Company. The court stressed the facts that under the arrangement the Mullen Company called for the cars at the Hotel, delivered them back to the Hotel, pro-

vided the claim checks and collected the charges. From these facts the court concluded that McManus, in arranging the storage, was not an agent of the Hotel, but was an agent of Ventrelle or the Mullen Company, and that the automobile never came into the custody of the Hotel. We believe that this conclusion is erroneous. After Ventrelle registered as a guest and turned his keys over to the bellboy, the car was in the custody of the Hotel. See Park-o-Tell Co. v. Roskamp, 1950, 203 Okl. 493, 223 P.2d 375; Merchants Fire Assur. Corp. of N. Y. v. Zion's Securities Corp., 1945, 109 Utah 13, 163 P.2d 319; Andrew Jackson Hotel, Inc. v. Platt, 19 Tenn.App. 360, 89 S.W.2d 179; Kallish v. Meyer Hotel Co., 1944, 182 Tenn. 29, 184 S.W.2d 45; Smith v. Robinson, Tex. Civ.App., 1927, 300 S.W. 651.

We need not consider whether the arrangement between the Hotel and the garage was intended to make the Hotel the agent of the garage to solicit business or the garage the agent of the Hotel to store its guests' automobiles. Whatever may have been the private understanding between the Hotel and the garage, it is clear from the evidence of both parties that Ventrelle was led to believe that he was entrusting his car to the Hotel. We conclude that Ventrelle turned his car over to the keeping of the Hotel through its employees, the bellhop, McManus, and the room clerk.

When a hotel takes custody of a guest's automobile, what duty arises? At common law an innkeeper was practically an insurer of the safety of the property of his guests, except as against loss resulting from an act of God, a public enemy or the fault of the guest himself. This liability extended to all goods or property brought by a guest and received within the inn, 28 Am.Jur., Innkeepers, § 82, p. 599, and has been applied in cases involving a guest's automobile where the automobile has been placed under the custody of the innkeeper. 28 Am.Jur. 601; Aria v. Bridge House Hotel, 137 L.T.N.S. 299; Park-o-Tell Co. v. Roskamp, 1950, 203 Okl. 493, 223 P.2d 375; Merchants Fire Assur. Corp. of N. Y. v. Zion's Securities Corp., 1945, 109 Utah 13, 163 P.2d 319; Andrew Jackson Hotel v. Platt, 19 Tenn.App. 360, 89 S.W.2d 179. We recognized the rule in Goodyear Tire & Rubber Co. v. Altamont Springs Hotel Co., 1924, 206 Ky. 494, 267 S.W. 555, but found it inapplicable there because the plaintiff was a "boarder" rather than a "guest."

We are not required to decide in this case whether the Hotel could be held liable as an innkeeper for loss of property *intra hospitium*. The Hotel owed Ventrelle at least the duty of a bailee for hire and was bound to use ordinary care in safeguarding his property. Smith v. Robinson, Tex.Civ.App., 1927, 300 S.W. 651; Weisman v. Holley Hotel Co., 1946, 128 W.Va. 476, 37 S.E.2d 94; Todd v. Natchez-Eola Hotels Co., 1934, 171 Miss. 577, 157 So. 703. See Parkrite Auto Park, Inc. v. Badgett, Ky., 242 S.W.2d 630. The trial court ruled that if Ventrelle had placed his car in the custody of the Hotel, it was a gratuitous bailee liable only for gross neglect or bad faith. This was erroneous. The fact that neither Ventrelle nor the garage made any direct payment to the Hotel for the parking service is immaterial. Kallish v. Meyer Hotel Co., 1944, 182 Tenn. 29, 184 S.W.2d 45, 156 A.L.R. 231. The service was an incident of the business. See Kentucky Hotel, Inc. v. Cinotti, 298 Ky. 88, 182 S.W.2d 27. The duty of the appellee to use ordinary care was breached by the negligent conduct of its bellboy and room clerk in handling the guest's car keys.

The Hotel contended, and the court found, that the bellboy, Franklin, was not on duty in any capacity at the time the keys were laid on the registration desk nor at the time he took them. This fact is irrelevant, since the appellant's case is not based on any supposed vicarious liability for the act of Franklin under the doctrine of respondeat superior, but on a breach of duty by the other employees in handling the car keys. While a hotel is not an insurer against torts of an off-duty employee; neither will it be relieved from liability for negligence by the intervention of a wrongful act, the probability of which made its conduct negligent in the first place. Re-

statement of the Law of Torts, § 499. See Todd v. Natchez-Eola Hotels Co., 1934, 171 Miss. 577, 157 So. 703.

The Hotel contends that, even if the car was placed in its custody and a duty was breached, it can in no event be liable for more than $200 under KRS 306.-030. This statute provides in subsection (a) that the proprietor of a hotel shall not be liable in excess of $100 for the loss of personal property brought into the hotel by guests, unless the loss is occasioned by the negligence of the hotel employees. Subsection (b) deals with loss of merchandise. Subsection (c) provides that: "In no event shall the liability provided for in this subsection exceed two hundred dollars, unless the proprietor has contracted in writing with the guest to assume a greater liability." In the Kentucky Hotel, Inc. v. Cinotti Case the Court held that KRS 306.030 (c) limited the liability of a hotel for the loss from the hotel checkroom of the baggage of a person who was not a guest at the time of the loss. There the action was for breach of the contract of bailment. The opinion of the Court suggested that perhaps the Legislature intended that the limitation should apply only where the property was in the joint custody of the hotel and the guest, and did not intend to limit liability where the property was delivered into the sole custody of the hotel under special contract. It concluded, however, that such a qualification of the limitation had not been written into the statute and recovery was limited to $200 in that case.

This construction was made in a case where the claim sounded in contract and thus no question of the constitutionality of the act was involved. If we construe the statute to limit tort claims sounding in negligence, such as the appellant's claim in this case, we would face a serious question of the unconstitutionality of the statute under Kentucky Constitution, § 54. See Milner Hotels, Inc. v. Lyon, 302 Ky. 717, 196 S.W.2d 364. In order to save the constitutionality of KRS 306.030 (c), we hold that the statutory limitation of recovery to $200 is not intended to limit liability in an action of tort for injury to property in the

sole custody of the Hotel. Anything in Kentucky Hotel, Inc. v. Cinotti to the contrary is overruled.

The judgment is reversed, and the case remanded for the entry of a judgment in accordance with this opinion.