## J. L. PARKER v. S. DIXON AND ANOTHER.[1]

April 20, 1916.

Nos. 19,722—(114).

**Liability of innkeeper to guest.**

1. An innkeeper is answerable for the loss in his inn of the goods of his guest, unless the loss arises from the negligence of the guest or the act of God or of a public enemy.

**Same.**

2. This rule of liability arises only in favor of guests. It does not arise in favor of one who comes to the inn intending only to avail himself without expense of the facilities and comforts which the innkeeper furnishes free to the public at large.

**Same — when relation exists.**

3. The relation of innkeeper and guest involves the obligation to furnish accommodation on the one hand, and the obligation to pay on the other. Generally a person becomes a guest when he registers and engages accommodation. He may, however, be a guest before doing either. Handing baggage to a porter or bell boy of the inn may commence the relation, if the parties contemplate that accommodation be engaged. But one does not become a guest by merely handing his satchel to such employee when he does not intend to engage such accommodation.

Action in the municipal court of Mankato to recover $69.50 for the loss of a traveling bag and its contents. The answer alleged that plaintiff never became a guest at defendants' hotel and that if plaintiff ever lost a traveling bag the same was lost through his negligence and not that of defendants. The case was tried before Plymat, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying their motion for a new trial, defendants appealed. Reversed and new trial ordered.

[1]Reported in 157 N. W. 583.

Note.—For a discussion of cases on when the relation of innkeeper and guest is initiated, see note in 34 L.R.A.(N.S.) 420.

As to what acts with respect to baggage of an intending guest will initiate the relation of innkeeper and guest so as to create liability for its loss or injury see notes in 23 L.R.A.(N.S.) 1107; 39 L.R.A.(N.S.) 1085.

*S. B. Wilson and F. E. Morse,* for appellants.
*John E. Regan,* for respondent.

HALLAM, J.

Plaintiff, a travelling salesman, alighted from a regular passenger train at the depot at Mankato, shortly before 1 p. m. Defendants are proprietors of the Saulpaugh House, a public hotel or inn at Mankato. At the train was a colored porter of the Saulpaugh House, there for the purpose of carrying the hand baggage of prospective guests from the depot to the hotel. Plaintiff handed to the porter his hand baggage, consisting of a sample case and a grip. The porter took them to the hotel and dropped them with similar baggage of other guests upon the floor of the hotel lobby. The usual check room for parcels was provided by defendants, where such baggage might be checked without charge if desired. Plaintiff did not check his baggage. He did not at that time go to the hotel at all. He did not then expect to engage either lodging or refreshment there. He expected to finish his business at Mankato and take an afternoon train for New Ulm. He did not finish his business in time to take that train. During the afternoon and evening he went to the hotel and there opened his sample case, wrote his orders there and handed them to the clerk to mail, used the long-distanced telephone there, and sat about in the hotel chairs, for all of which he neither paid nor offered to pay, nor was he expected to pay therefor. He took his evening meal elsewhere. About ten o'clock that night he for the first time registered and asked to be assigned a room. At that time his grip could not be found, and it has not since been found. No one knows when it disappeared. The trial court held that the relation of innkeeper and guest existed from the time the plaintiff handed his baggage to the porter, and that the absolute liability of an innkeeper accordingly arose, and found for the plaintiff on this ground. With this we do not agree.

An innkeeper is answerable for the loss in his inn of the goods of his guest, unless the loss arises from the negligence of the guest, or the act of God or of a public enemy. Lusk v. Belote, 22 Minn. 468; Johnson v. Chadbourn Finance Co. 89 Minn. 310, 94 N. W. 874, 99 Am. St. 591; Mason v. Thompson, 9 Pick. 280, 20 Am. Dec. 471.

This rigorous rule of liability arises only in favor of guests. The re-

lation of innkeeper and guest is a mutual one, involving mutual rights and obligations. It involves the obligation to furnish accommodation and care on the part of the innkeeper, and the obligation to pay on the part of the guest. The innkeeper usually extends to the public generally an invitation to enter his lobby and lounging rooms without charge, but it cannot be thought that one who avails himself gratuitously of these favors is a guest, or that the absolute liability of an innkeeper extends to articles of property he may bring with him.

Generally the relation of innkeeper and guest arises when the guest registers and engages accommodations. We do not wish to be understood as saying that the relation may not arise before registering or engaging accommodation. No doubt it may. We have no doubt that the relation may arise at the time that baggage is intrusted to the innkeeper or his porter or bell boy, if the parties contemplate that accommodations shall be engaged within a reasonable time. Sasseen & Whitaker v. Clark, 37 Ga. 242; Coskery v. Nagle, 83 Ga. 696, 10 S. E. 491, 6 L.R.A. 483, 20 Am. St. 333; Flint v. Illinois Hotel Co. 149 Ill. App. 404. But we cannot hold that the act of handing a satchel to the porter of a hotel makes the owner of the satchel a guest, when he intends neither to eat nor sleep at the hotel or to pay therefor, but intends only to avail himself, without expense, of the facilities and comforts which the innkeeper furnishes gratuitously to the public at large. Strauss v. County Hotel & Wine Co. 12 L.R. Q.B. 27; Baker v. Bailey, 103 Ark. 12, 145 S. W. 532, 39 L.R.A.(N.S.) 1085; see Tulane Hotel Co. v. Holohan, 112 Tenn. 214, 79 S. W. 113, 105 Am. St. 930, 2 Ann. Cas. 345; Brewer v. Caswell, 132 Ga. 563, 64 S. E. 674, 23 L.R.A.(N.S.) 1107, 131 Am. St. 216, 16 Ann. Cas. 936; for one who has neither been at an inn nor intends going there does not become a guest by merely sending his goods to be taken care of by the innkeeper. Grinnell v. Cook, 3 Hill, 485, 38 Am. Dec. 663.

In this case plaintiff manifested no purpose of becoming a guest at defendants' hotel until after his baggage was lost, and the relation of innkeeper and guest did not arise until that time. At the time of the loss of plaintiff's baggage the defendants were nothing more than gratuitous bailees, and the case must be disposed of on the principles of

law applicable to bailments of that class.    Baker v. Bailey, 103 Ark. 12, 145 S. W. 532, 39 L.R.A.(N.S.) 1085.

Order reversed and new trial granted.