## Goodyear Tire and Rubber Company v. Altamont Springs Hotel Company.

(Decided November 28, 1924.)

### Appeal from Campbell Circuit Court.

1. Innkeepers—Duty Towards Guests and Boarders Stated.—Under common law, innkeeper was insurer of safety of goods of his guests except as against loss or injury resulting from act of God, public enemy, or fault of guest himself, or some agent or servant of his, but towards a boarder, landlord's duties were those of a bailee for hire, which were to exercise ordinary care.

2. Innkeepers—One Held Boarder and Not "Guest," so as to Impose Common-Law Obligation of Innkeeper for Loss of Automobile.— One who contracted with hotel proprietor for a month's board at his hotel, and for a month's storage of his automobile in its garage, was a boarder, and not a guest, so as to impose on proprietor common-law obligation of innkeeper for loss of automobile from garage.

3. Innkeepers—Not Condition Precedent to Innkeeper's Liability that he had Exclusive Control Over Lost Car or Control at All Times.—It was not a condition precedent to innkeeper's liability for boarder's car disappearing from its garage, that he should have had exclusive control over car at time when it was lost, unless loss was due to acts or omissions of one having joint control, nor that he should have had any sort of control, either exclusive or partial, during entire time boarder was entertained at hotel, where he had control at time it was lost.

4. Trial—Instruction should Not Submit Issue as to Innkeeper's Control of Automobile when Facts Undisputed.—In action against hotel proprietor for loss of boarder's automobile while in hotel

garage, where there was no proof to contradict defendant's control of the automobile at the particular time, instruction should not have been so framed as to submit issue as to such control.

5. Innkeepers—Evidence Held to Show Prima Facie Case of Negligence Against Innkeeper for Loss of Automobile, and to Place Burden Upon it to Show Care.—Evidence that person boarding at defendant's hotel, in order to secure car from defendant's garage, had to obtain key thereto from officers of hotel, without showing that he went into garage after he left it until morning when automobile was gone, held to show a prima facie case of negligence against defendant, and it had burden of showing requisite care.

6. Innkeepers—Instruction as to Boarder's Lack of Care in Connection with Loss of Automobile Held Erroneous Under Evidence.—Instruction relieving innkeeper of liability for loss of automobile, if such loss was result of failure of owner's exercise of ordinary care to protect and preserve it, held erroneous as evidence presented no such issue.

HOWARD M. BENTON for appellant.

L. J CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

During the latter part of the year 1920, Herbert F. McClure was the manager and superintendent of a branch office of plaintiff below and appellant here, Goodyear Tire and Rubber Company, which office it maintained in the city of Cincinnati, Ohio. At that time and prior thereto, the corporate defendant and appellee here, the Altamont Springs Hotel Company, operated a hotel near the city of Fort Thomas in Campbell county, Kentucky, which was but a short distance across the Ohio river from the city of Cincinnati, Ohio. In connection with its hotel the defendant had constructed a cheap garage for the storage and housing of the automobiles of its patrons. Its walls were of corrugated iron, with a large entrance in one end and wide enough for the parking of automobiles on either side with space for an open aisle in the middle so as to afford the owners of automobiles who stored them therein easy ingress and egress. Plaintiff had furnished its superintendent and manager with a 1919 model Buick roadster for his use as such officer or employee, and while so acting and while so using the automobile he entered into a contract with defendant on September 28, 1920, for a month's board at its hotel for which he agreed to and did pay $150.00 for himself and wife. At the same time

he contracted with defendant for a month's storage of plaintiff's automobile that he was using, in its garage when not in use by him and for which service he agreed to and did pay in advance the sum of $4.00.

At about 7 o'clock p. m. on October 7 of that year, he placed the automobile in defendant's garage and went for it the next morning at about eight o'clock, and it was gone and was never found. Plaintiff, as the owner of the automobile, brought this action in the Campbell circuit court against defendant to recover for its value, which was fixed in the petition at the sum of $750.00. The petition, as amended, alleged that its loss was due to the failure of defendant to exercise ordinary care to preserve it. The original petition only set out the relationship between McClure and defendant and the loss of the automobile without charging that it resulted from any failure of defendant to observe proper care, upon the theory that defendant's duty in the premises was measured by the common-law rule with reference to the obligations of an innkeeper as to his guests and their baggage, vehicles and other belongings. But the court was of a different opinion and believing that defendant, under the alleged facts, assumed only the duty of a bailee for hire, sustained defendant's demurrer filed to the petition, which was followed by the amendment above referred to. Appropriate pleadings made the issues, including one of contributory negligence of McClure, and under the instructions of the court the jury returned a verdict for defendant, which the court declined to set aside on plaintiff's motion for a new trial, and from the judgment pronounced thereon it prosecutes this appeal.

Numerous complaints against the correctness of the judgment are made here by plaintiff's counsel, chief among which, and the only ones we consider of sufficient materiality to deserve consideration, are: (1), that the court erred in holding that the relationship of guest and innkeeper, with the corresponding liabilities of the latter, did not exist under the proven facts between defendant and McClure, plaintiff's agent, and (2), erroneous instructions of the court; each of which we will determine in the order named.

1. In disposing of the first complaint, we will not attempt an elaborate review of the law pertaining to the duties of innkeepers as imposed on them by the common law, or to give the actual or supposed reasons therefor;

nor will we attempt a differentiation between the obligations so imposed and those devolving upon one who entertains a guest as a boarder, further than to point out what has heretofore been held by this court with reference to those questions. Neither will we attempt to draw the almost indistinguishable line separating the relationship of innkeeper and agent from that of landlord and boarder. Suffice it to say, that under the common law an innkeeper was an insurer of the safety of the goods of his guests, except as against loss or injury resulting from the act of God, the public enemy, or the fault of the guest himself or some agent or servant of his. 14 R. C. L. 514; 32 C. J. 545-6, paragraphs 35 and 37; Kisten v. Hildebrand, 14 B. Mon. 72, 49 Am. Dec. 416; Vance v. Throckmorton, 5 Bush 41, and Reed v. Teneyck, 103 Ky. 65. However, when the patron ceased to be a guest or never became such, but sustained toward his host at the time of the loss for which liability is sought to be fixed, only the relationship of *boarder,* then the duties of his entertainer were reduced from that of an innkeeper to that of a bailee for hire, which were to exercise only ordinary care for the safety of the boarder and for the protection of his personal belongings, including necessary vehicles and his horses or other animals by which the vehicle was drawn. 32 C. J. 558, paragraph 60; 14 R. C. L. 535, paragraph 34; Fisher v. Bonneville Hotel Co., 55 Utah 588, 188 Pac. 856, 12 A. L. R. 255, with annotation on page 261, and Kentucky cases *supra.* The text authorities referred to, as is thoroughly pointed out in the cited annotations in 12 A. L. R., are to the effect that the mere fact of the patron contracting for a definite period of entertainment at an agreed price does not necessarily convert him from being a guest of an innkeeper to a boarder of a landlord, so as to reduce the common law obligations imposed upon his entertainer as an innkeeper to that of a landlord entertaining a boarder within the rules *supra* applicable to such relationships. But the cited Kentucky cases seem to have adopted what might be termed the minority rule, *i. e.,* "If a person comes (to the place of entertainment) upon a special contract to board and sojourn at the inn, he is not, in the sense of the law, a guest, but a boarder," since in that case he did not seek refuge at the inn as a transient traveler.

The excerpt taken from the Hildebrand case, *supra,* and in the Vance case the same distinction is adopted fol-

lowing Story on Bailments, section 477, which is inserted in the opinion. In the latter case Vance and his family took up lodging and board at the Galt House in Louisville, Kentucky, under a special contract for either a definite or indefinite period, but which one the opinion does not disclose. Some of the articles in the wardrobe of Mrs. Vance and other property belonging to her were destroyed by fire, and the action was to recover the value of the goods destroyed and to hold the proprietors of the hotel to the extremely high duties imposed by the common law upon innkeepers. This court, however, refused to apply to the defendant such severe obligations, and held that their duties were only those required of a landlord in the preservation of the property of his boarder. In the Reed case, plaintiff boarded at defendant's hotel under a special contract for about fifteen months, and the opinion quoted and adopted the same excerpts from Story on Bailments, and held that plaintiff "was not a guest, as to common law, but a boarder, and appellant (defendant) was not liable to appellee as at common law."

We can find nothing in this record distinguishing its facts from those in the foregoing cases from this court and, whatever may be the rule adopted by a majority of the other courts, we feel that we are bound by our prior opinions which require us to and we do hold that McClure in this case was a boarder at defendant's hotel and not a guest within the common law definition of that term so as to impose upon defendant the common law obligations of an innkeeper, and the trial court did not err in so holding.

2. The court gave to the jury four instructions, to the giving of which plaintiff objected and excepted. Number 3 embodied a definition of ordinary care, and number 4 authorized nine of the jury to return a verdict in case the whole number did not agree; so that neither of them is involved under the conclusions we have reached. Instruction number 1 is somewhat confusing and in addition it contains, as we are convinced, an erroneous statement. That statement requires the jury to believe as a condition precedent to the defendant's liability "that the defendant had exclusive control over the car in question at the time in question." It would, no doubt, have been proper to require the jury to believe before it could find for plaintiff that the automobile at the time of its loss was in the control of defendant, but it was not essential

to its liability that such control should be *exclusive,* unless the loss was due to the omissions or commissions of the joint controller and for whom defendant was not responsible. The excerpt from the instruction is also misleading and erroneous because it was calculated to convey to the minds of the jurors that defendant was not liable for the loss of the automobile unless it, during the whole period of McClure's occupancy of the hotel, was under some sort of control, either exclusive or partial, of the defendant, when under the proof it had no sort of control of the automobile except at night after it had been placed in defendant's garage. Indeed there is no proof to contradict defendant's control of the automobile at the specific time it was taken from the garage, and it is our conclusion that the instruction should have been so framed as to render defendant liable if it failed to exercise proper care to guard, protect and preserve the automobile at the time it disappeared, and that no issues as to the control at that particular time should be submitted for the reason, as we have stated, that the proof in the case established defendant's absolute control at that time. In opposition to that conclusion it is urged that McClure was at liberty to take the automobile out of the garage at any time he saw proper, but it is also shown that in order to do so he had to obtain the key to the garage from the officers and managers of the hotel, and it is nowhere attempted to be shown that he went into the garage at any time after he left it at about 7 o'clock p. m. on October 7, 1920, until the next morning when the automobile was gone. We think these facts developed a *prima facie* case of negligence against defendant and that the burden was upon it to show the requisite care on its part to excuse it from liability.

But it is insisted that such conclusion ignores the issue raised by defendant's pleading as to the relationship created between it and plaintiff with reference to the storage place of the latter's automobile. The averment in its answer upon that subject was:

> "Defendant denies that at any time mentioned in said petition it operated, in connection with the hotel mentioned therein, a garage for the use of any guest or guests of said hotel, but says that it had only a shed in which it permitted its guests to house their automobiles, and denies that for an additional consideration of $4.00 paid by said McClure to defend-

ant, as garage charges or otherwise, it agreed to store or house said automobile during the nighttime for a space of one month from September 28th, 1920, and says that it only agreed to permit said McClure to house said automobile during said last mentioned period of time in said shed.''

We construe that language to not materially alter the issue presented by plaintiff in its pleading, since practically the only difference between the pleadings of the two litigants is that plaintiff designates the building as a ''garage'' while the defendant designates it as a ''shed.'' If the facts are that a different relationship was created by the contract with reference to the housing of plaintiff's automobile and defendant desires to amend its pleadings to conform to its conception of the facts, it may yet do so by an appropriate amendment upon a return of the case, and if it should present a state of facts excusing it from the duty of exercising the care herein required, and there should be evidence to support those facts, it would then be the duty of the court to instruct the jury as to the law upon such issue.

Instruction number 4 relieved defendant of liability if the loss of the automobile was the result of the failure of McClure to exercise ordinary care to protect and preserve it. In other words, it was the ordinary instruction on contributory negligence, and it is our conclusion that the court erred in submitting that issue, since we are unable to find any testimony in the record upon which it could be based. It is true that McClure stated that he did not remember whether he locked the garage when he left his automobile in it or not, but there is nothing to show that it was locked when he drove the automobile in it, nor that he had a key at that time; and it furthermore appears that others later went into the garage for there were a number of other cars parked therein after McClure stored the one here involved. Furthermore, the hotel operated one or more trucks which were also parked therein, and the drivers of them were employees of defendant, and under the proof they had access to the garage at any time. There was nothing proven that McClure should have done or omitted to do with reference to the safety of plaintiff's automobile. He placed it in defendant's garage, that it had provided for the purpose, and for which privilege he paid defendant. The keys to the garage were in the possession of defendant, and it

permitted its servants as well as other boarders, lodgers, and guests to use those keys, none of which could Mc-Clure prevent, and under those facts we find no rule for the contributory negligence instruction.

Wherefore, the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.