## Keller v. Kentucky Alcoholic Beverage Control Board et al.

June 20, 1939.

William B. Ardery, Judge.

274

S. H. Brown and John J. Cooney for appellant.

Hubert Meredith, Attorney General, Harry D. France, Assistant Attorney General, and H. Appleton Federa for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The Kentucky Alcoholic Beverage Control Board revoked a beer license issued to the appellant, Leonard Keller, because he sold whiskey by the drink at his establishment without having a license to do so. Thereafter Keller filed a petition in equity against the Board and its members. He filed as a part thereof the transcript of evidence heard by the Board and a copy of its order, and posted bond as prescribed by the statute. The material allegations of his petition are thus summarized:

The revocation was upon the testimony of two field agents of the Board that they had on two different occasions purchased whiskey at the plaintiff's place and that their testimony was false. In denying their evidence the plaintiff had testified to the truth. The agents had caused him to be tried by the county judge of Kenton County upon a prosecution for the sale of the same whiskey and he had been acquitted. No whiskey was found on his premises by a search the day after the alleged second sale. The action of the Board in revoking plaintiff's beer license was arbitrary, without just cause, and constituted a fraud against him. The order was based wholly on false and fraudulent testimony of the agents of the Board, and, therefore, the members of the Board are chargeable with the fraud. Under Section 46, Chapter 2, Acts of 1938 (Section 2554b-143 of the Statutes, Supp. 1939), it was the duty of the Board to notify plaintiff within three days of the issuance of the order of revocation entered on November 17, 1938, but the Board had wilfully and negligently failed to do so until November 22d and this had resulted in depriving plaintiff of a part of the ten days allowed by Section 49 of the Act (Section 2554b-147 of the Statutes, Supp. 1939) for an appeal to the Franklin Circuit Court.

Such delay worked a fraud on plaintiff and the order is void and of no effect. The Board acted without and in excess of its authority and it was and is a fraud upon plaintiff. There was no substantial evidence to support the order.

It is further alleged in the petition that the Alcoholic Beverage Control Act (Chapter 2, Acts of 1938, Kentucky Statutes, Supp. 1939, Section 2554b-97 et seq.) is unconstitutional as it violates Sections 1, 27, 28, 59, and 61 of the Constitution of Kentucky and the Fifth and Fourteenth Amendments to the Constitution of the United States, U. S. C. A.

Following conventional allegations the plaintiff prayed that the Board be enjoined from revoking his beer license and from interfering with the conduct of his business of purchasing and selling beer and other malt beverages. He prayed that the order revoking the license be set aside.

The Board filed a general demurrer and a special demurrer to the petition on the ground of no jurisdiction of the subject matter. The court did not expressly pass upon the demurrers but rendered judgment sustaining the finding and rulings of the Board and dismissed the petition. The plaintiff appeals.

The appellees question the practice followed by the plaintiff, contending that the statute (2554b-147) prescribes the method of appeal to be only the filing of a copy of the order of the Board and a transcript of the evidence and posting bond, and that it thereby confines the circuit court, as well as this court, to the consideration of that record only. The statute does not deny the privilege of filing a formal written statement of appeal nor a petition seeking a review of the order of the Board. Filing a statement, though not required, is the better practice even when the attack is confined to a review of the evidence. Filing a petition is necessary where legal questions are raised other than those presented by the record made before the Board, such as the constitutionality of the act, or claiming that the order of the board was procured by fraud, or seeking injunctive relief. There is no inconsistency in denying guilt of a charge, either criminal or civil, and at the same time questioning the validity of the law or the procedure under and by which one has been found guilty. The statute provides that the proceedings in the courts

shall be after the manner of a proceeding in equity, with a summary and expeditious disposition thereof after the manner of a suit for a declaratory judgment. We regard the practice pursued in this case to have been authorized and proper.

It could well be said that as the court was not called upon to pass on the demurrers, and the parties after argument made no objection to the summary disposition, they waived any specific ruling on the demurrers and agreed to the submission of the case upon the record. Baker v. Robinson, 273 Ky. 410, 116 S. W. (2d) 958. However, the effect of the judgment was to overrule the special demurrer, for the court took cognizance of the case, and to sustain the general demurrer. It decided both the law and the facts and the merits of the questions the same as if they had been presented by the simpler form of an appeal.

The allegations of fraud on the part of the members of the Board amount to no more than that the Board in the exercise of its discretion had chosen to accept as true the testimony of witnesses that they had purchased whiskey at the plaintiff's establishment from his wife and from himself. Manifestly, such allegations were not sufficient. Nor was the plea sufficient of what is in effect a claim of res adjudicata in that the plaintiff-appellant had been found not guilty in a criminal prosecution of making the sales. A proceeding to revoke a license for breach of a condition of its issuance is a civil one before an independent tribunal. Even though the charge is the violation of a penal law it does not require that the evidence establish guilt beyond a reasonable doubt. Section 43 of the Act (2554b-141, Statutes, Supp. 1939) makes it mandatory upon the Board to revoke a license upon the conviction of the licensee or his agent or employee for selling illegal beverages on the premises licensed. But the act does not declare that an acquittal in criminal prosecution shall bar the Board from exercising the discretion conferred upon it in relation to the same charge. Hays v. City of Louisville, 145 Ky. 125, 140 S. W. 47.

On the issue of the licensee's guilt or innocence of the charge preferred against him and heard by the Board, there was not only the clear and specific evidence of the two field agents that they had bought whiskey at his establishment, but also the licensee's admission that

he possessed a federal permit to traffic in distilled spirits without having the corresponding requisite state and local licenses, which possession Section 2554b-165 of the Statutes, Supp. 1939, declares raises a prima facie presumption that the licensee is trafficking in such beverages in violation of the act.

On this appeal only two of the several grounds upon which the constitutionality of the act was questioned in the petition are argued. The others are thereby waived.

The appellant is not in a position to question the validity of that portion of Section 49 of the Act (2554b-147, Statutes, Supp. 1939) which states that no court shall have authority to issue an injunction to suspend the operation of an order of revocation or suspension pending an appeal, or, if the circuit court shall reverse an order of revocation and an appeal is taken to the Court of Appeals, that no court shall have authority to issue an injunction to suspend the operation of the judgment pending the appeal. Notwithstanding this provision the appellant did obtain a temporary restraining order prohibiting the Board from interfering with his selling beer until the case was decided by the circuit court, and did thereafter obtain a temporary injunction from a judge of this court continuing that restraint until we could dispose of the case. It is a familiar rule that one not injuriously affected thereby will not be heard to question the validity of a law. Stein v. Kentucky State Tax Commission, 266 Ky. 469, 99 S. W. (2d) 443.

The essence of the other ground of invalidity of the statute and of the order revoking appellant's beer license is that the statute undertakes to grant judicial powers to the Board and it has exercised that authority against him. The contention in respect to the limitation upon the scope of review by the courts of the proceedings and actions of the Board seems to be confined to the question raised by the appellees of the appellant's right to have filed a petition in the court. We have disposed of that point favorably to the appellant, and it need not be further considered.

Administrative boards and commissions have undoubtedly become an essential part of our governmental structure. That there are both advantages and disadvantages inherent in the system is admitted. That the

legislative branches of government have granted to many of these bodies powers which in some respects combine judicial, executive and legislative action, notwithstanding the fundamental separation of the trinity, is not questioned. Our Constitution, Sections 27 and 28, is clear and explicit on this delineation. It is likewise specific in declaring that the judicial power of the commonwealth shall be vested in the Senate and in the courts established by the Constitution. Section 109. But agencies must of necessity be established by and through which the state must function in the exercise of the constitutional and police powers, and those agencies must of necessity be given discretion in performing their duties of administering the law and in the matter of promulgating detail rules and regulations. In the Alcoholic Beverage Control Act, the legislature has laid down much more than a skeletonized system and has not left to the Board, created by it, the power and privilege of filling in large gaps. The legislature itself has established the principles and policies and left only details of administration to be supplied by the Board. It has of necessity delegated the execution of the law to the Board and its agents. The ground upon which the Board revoked the appellant's license, namely, selling whiskey without having a license so to do, is expressly established by the act itself as a good cause. The existence of that ground as a fact was a proper issue to be determined by the Board as a fact finding body.

There is no constitutional objection to the exercise of such discretionary power as ascertaining facts and administering the law. True it is a quasi judicial act, but it is not the exercise of judicial power within the meaning of that term as embodied in the Constitution forbidding one department from usurping the functions of another. 11 Am. Jur. Constitutional Law, Sections 232, 234; Baker v. City of Lexington, 53 S. W. 16, 21 Ky. Law Rep. 809, Commonwealth v. Hargis Bank & Trust Company, 233 Ky. 801, 26 S. W. (2d) 1045; Ravitz v. Steurle, 257 Ky. 108, 77 S. W. (2d) 360.

A liquor license is but a temporary permit, not involving a contract or property right, and in considering the authority of the Board to act in this capacity and revoke the license, it is to be borne in mind that in the first instance its acceptance was conditioned upon all the terms of the statute. Cassidy v. Drake, 154 Ky. 25, 156 S. W. 1032. The appellant's acceptance of the license

carried the implication of an agreement that the Board might exercise the power of revocation in accordance with those terms. Cf. Wells Elkhorn Coal Company v. Vanhoose, 220 Ky. 381, 295 S. W. 464, holding that the authority of the Workmen's Compensation Board to determine the facts and that its finding should be conclusive on the courts was not unconstitutional as conferring judicial power upon that body. The act under consideration does not go that far, as it provides that the courts, on review, may determine whether or not there was any substantial evidence to support the order of the Board. Section 2554b-147, Statutes, Supp. 1939.

The judgment is affirmed.

Whole Court sitting.

A mandate will issue immediately without prejudice to the rights of the appellant to file a petition for rehearing.