# Kentucky Hotel, Inc., v. Cinotti.

May 19, 1944.

Selligman & Greenebaum for appellant.

Lawrence Grauman for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Reversing.

The appeal is from a judgment for $909.30 for loss of baggage of a hotel guest.

The appellee, E. J. T. Cinotti, had been substantially a permanent resident in the Kentucky Hotel in Louisville, for about a year, occupying a large and spacious room. He left on November 8, 1942. When he returned on December 6th, he asked for his old room but it was not available. The best the Hotel could do for him was to offer a small room in which there was no closet. Cinotti was told by a clerk on duty at the desk that if he would take the room his baggage would be kept safely in the check room. He expected to go to his mother's home in Chicago during the approaching Christmas season and agreed. He had considerable luggage, which the Hotel placed in the check room and for which it gave him three claim checks. On December 24th he presented these checks and called for his baggage. It could not be found. The assistant manager, helping in the effort to locate the luggage, noted that Cinotti had only a short time to get his train, told him to go ahead and it would probably be located by the time he returned. Cinotti responded something to the effect that as they were so nice about the matter he would just leave his light topcoat also. He delivered it at the check room without taking a check for it. When he returned on January 9th and again called for his baggage it could not be found and was never delivered to him.

The claim checks given the guest bore the inscription "Positively not responsible for articles left in the check room." The appellant relies on this as an ab-

solute relief from liability. Considering the early English decisions and analogous cases in this country, the Tennessee Supreme Court held, in Maxwell Operating Company v. Harper, 138 Tenn. 640, 200 S.W. 515, L.R.A. 1918C, 672, that such attempt on the part of a hotel to limit its common-law liability to a guest was void. Cf. Jones v. Great Northern R. Co., 68 Mont. 231, 217 P. 673, 37 A.L.R. 754. The present case does not call for an expression of opinion upon that point, for we have uncontradicted evidence of a special, oral contract to keep the appellee's luggage safely in the check room because there was no place for it in the small bedroom, which he was induced to accept. No special charge was made at the check room, but that is not material. There was a consideration for the agreement as the service was an incident of the business. 6 Am. Jur., Bailments, Sec. 22. We are very sure that handing the guest the claim checks, which were those used in the ordinary course of operating the check room, containing such stipulation, did not constitute a different contract or relieve the Hotel of its absolute commitment.

Nor is the contract unenforcible because of indefiniteness merely because the guest was not able positively to give the name of the clerk he made the contract with. He thought it might have been Stodgill, the Assistant Manager, or Tottem, a clerk. The one testified it was not he, but the other did not testify. We think the terms of the agreement are definite and specific.

Nor can the defendant escape liability because of his failure to prove that the clerk had the authority to make such an agreement. Whoever it may have been, he was in a position of authority in assigning rooms and looking after the comfort of the guests. By virtue of that position he was empowered by the proprietor to do any act which his duties necessitated and which the guests could reasonably understand he possessed. The agreement to accept and keep the baggage safely was within his actual authority, or, certainly, within his ostensible authority, the difference, being immaterial. 28 Am. Jur., Innkeepers, Secs. 43, 80; Annotations, 37 A.L.R. 316.

There is, of course, no question raised as to the relationship of guest during the several days in which the plaintiff occupied the room. His topcoat, as we have said, was left as he was departing for the holidays.

The assistant manager had assured him his other baggage would be found during his absence, and when Cinotti left this coat, he testified, "They said we will keep it safely." Stodgill testified he didn't "know about that." As the absence was to be temporary and the guest intended to return shortly and secure personal accommodations, the relationship of innkeeper and guest continued during the interval in so far as liability for the safekeeping of the property is concerned: 28 Am. Jur., Innkeepers, Secs. 21, 28, 88; Parker v. Dixon, 132 Minn. 367, 157 N.W. 583, L.R.A. 1916E, 534, Ann. Cas. 1918A, 540; Watkins v. Hotel Tutwiler Co., 200 Ala. 386, 76 So. 302, L.R.A. 1917F, 834; Hotels Statler Co. v. Safier, 103 Ohio St. 638, 134 N.E. 460, 22 A.L.R. 1190.

We think the plaintiff made out a clear and complete case against the defendant. Goodyear Tire & Rubber Co. v. Altamont Springs Hotel Co., 206 Ky. 494, 267 S.W. 555. But it invoked the limitations of liability which the statutes give a Hotel with respect to property of a guest.

Kentucky Revised Statutes 306.020 covers the limitation of liability of a Hotel where it has provided a safe for the keeping of valuable property of a guest, such as money, jewelry and papers. Subsection (1) of KRS 306.030 declares that except as provided in 306.020: "(a) The proprietor of a hotel shall not be liable in excess of one hundred dollars for the loss or damage to personal property brought into the hotel by guests, unless the loss or damage is occasioned by the negligence of the proprietor or hotel agents or employees."

Paragraph (b) relates to merchandise. Paragraph (c) is as follows: "In no event shall the liability provided for in this subsection exceed two hundred dollars, unless the proprietor has contracted in writing with the guest to assume a greater liability."

By an amended petition the plaintiff withdrew his allegation that the loss of his baggage was due to the negligence of the defendant and rested his action upon the contract. Paragraph (c) of the statute quoted seems to embrace actions rested upon negligence, excepted from the provisions of Paragraph (a), so that in the absence of negligence the statute limits the recovery of a guest for loss of his personal property, not placed in the hotel safe, to $100. It may have been the in-

tent of the Legislature in enacting KRS 306.030 to cover only property in the joint control of the hotel and the guest, such as baggage kept in the guest's room, and not property delivered into the sole custody of the hotel under a special contract. But even under a liberal construction of the statute, as required by KRS 446.080, we can find no language in it which may be construed as a qualification. The statute is a simple, clear limitation upon the right of action of a guest.

The appellee undertakes to show that this statute violates Section 54 of the Constitution of Kentucky, which declares: "The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."

We have construed this constitutional limitation of power to prohibit the Legislature from enacting a statute barring the right of action for death or personal injury of a guest in an automobile against his host unless the accident resulted from an intentional act. Ludwig v. Johnson, 243 Ky. 533, 534, 49 S.W. 2d 347. But we held the present Workmen's Compensation Act to be constitutional because an employee may by contract elect to waive the limitations upon recovery for injury. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, Ann. Cas. 1918B, 604. The present case involves a contract, and Section 54 of the Constitution covers the right of action for a tort. Whether it is valid or invalid in respect of negligence or in a case of proven theft or appropriation by an employee of the Hotel we need not determine. See Goodwin v. Georgian Hotel Co., 197 Wash. 173, 84 P. 2d 681, 119 A.L.R. 789. The common law continues in Kentucky only so long as it shall not be modified by a statute. There are many valid statutes affecting and limiting the right of contract; e. g., those relating to insurance policies and to certain contracts which must be in writing before a cause of action can be maintained on them. Such statutes enter into and become a part of every contract to which they are applicable. It is so here. The business of conducting a hotel is now generally regulated by statutes and the establishment by a Legislature of limitations upon liability for the loss of property of a guest are regarded as the valid exercise of legislative power. 28 Am. Jur., Innkeepers, Sec. 75 et seq.

We are of opinion, therefore, that the court should have directed a verdict for the plaintiff in the sum of $100.

The judgment is reversed.