## Milner Hotels, Inc., v. Lyon.

May 17, 1946.
Rehearing denied October 11, 1946.

Robert Lee Blackwell and Bullitt & Middleton for appellant.

Steinfeld & Steinfeld for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part, reversing in part.

This is an action in tort for loss of baggage, including valuable papers, by Norton C. Lyon against the appellant, a corporation, operating the Tyler Hotel in Louisville. The circuit court held unconstitutional the several provisions of our statutes limiting the liability of hotel keepers for injury to or loss of baggage of guests, and submitted the case to the jury under instructions which permitted recovery of the entire value claimed. The verdict was for that sum, $707.20, and the appeal is from the consistent judgment.

The appellee, a regular patron of the Tyler Hotel for many years, registered on the afternoon of December 14, 1943, and was assigned to Room No. 434, with the advice that if a more desirable one of the type he usually occupied should become available he would be given it. This was satisfactory to him. Considering such a room to have become available under circumstances to be related, it was assigned to him and his baggage transferred during his absence. When Lyon returned to the hotel that night he was told of the change and given a key to that room, No. 506. He found the door open and his baggage missing. The room had been occupied for two days by a man and woman who had registered under the name of Boscoe and wife. They were unknown to the hotel management, but "they looked all right." It was developed after the loss of Mr. Lyon's baggage was reported that Boscoe was well-known to the police records. It is maintained by the appellee that the appellant, without his authority and negligently, had transferred his baggage to a room occupied by another, or with the key outstanding, and to which a professional thief had access. The appellant claims that

it proved it acted according to the usual practice and with the care exercised by "prudent and skillful persons in the management and operation of hotels under the same or similar circumstances." It argues that the court should have so held as a matter of law and directed a verdict accordingly. The instructions stated the hotel's duty to have been to exercise the highest degree of care, which was defined as "the utmost care and skill exercised by prudent and skillful persons in the management and operation of hotels under the same or similar circumstances as those of which you have heard evidence in this case." See 43 C. J. S., Innkeepers, sec. 15.

What occurred was that on December 12th the Boscoes came to the hotel without substantial baggage and paid for one day's lodging in room 506. On the 13th they paid for another day and occupied the room. Under the rules of the hotel, which were displayed in the room, a guest's right of occupancy ceased at 5 o'clock in the afternoon. That was the "checking out" hour. In such a case if the guest had not made known his desire to stay longer, the room was inspected and if there was no indication of continued occupancy, it was deemed to have been vacated. In this instance the Boscoes had not turned in the key to the room nor been heard from, and after an inspection of the room it was considered vacant. Lyon's baggage was transferred to this room about two hours later and the door locked by a hotel employee with a skeleton or extra key.

Carrying away hotel keys is a widespread habit. It was established that the Tyler Hotel, which has 227 guest rooms, has an average of 50 keys a month carried away and only about one-third are returned. It was shown that other hotels in Louisville have the same experience proportionate to their size. It was also established that all the hotel managements follow the same practice in treating a room to be vacant at a certain hour in the late afternoon under similar circumstances. None of them regard the failure of a guest to turn in his key as indicating his retention of the room. Otherwise, it is said, there would be a substantial number of rooms left vacant at all times. It was not possible during the period covered by this case to have procured new locks for the doors of the rooms and, in fact, it is never practicable.

The appellee alleged and testified that he had cer-

·tain papers in his handbag which were of the reasonable value of $550. They consisted of data and memoranda which he had gathered at considerable expense for the purpose of embarking upon a new business as soon as the war ended. His bag and personal effects were worth $177.20.

Chapter 306 of the Kentucky Revised Statutes classifies the property of guests with respect to a hotel proprietor's liability. KRS 306.020 says that the proprietor may provide a safe in a convenient place for the safekeeping of "money, jewelry, furs, securities or other valuable papers or other valuable property of small compass," belonging to his guests, and post notices thereof. "Then, if the guests neglect to deliver such property to the person in charge of the office for deposit in the safe, the proprietor shall not be liable for any loss of such property sustained by the guests by negligence of the proprietor or hotel employes, or by fire, theft, burglary or any other. cause." That section further provides that no hotel proprietor is obligated to receive such property for safe-keeping exceeding $300 in value, and shall be liable for not exceeding that sum for any loss unless a special arrangement be made in writing for a greater liability.

KRS 306.030 deals with other classes of personal property. The provisions of that section applicable to the present case are: .

"(a) The proprietor of a hotel shall not be liable in excess of one hundred dollars for the loss or damage to personal property brought into the hotel by guests, unless the loss or damage is occasioned by the negligence of the proprietor. * * *

"(c) In no event shall the liability provided for in this subsection exceed two hundred dollars, unless the proprietor has contracted in writing with the guest to assume a greater liability."

The appellee argues that these and other like provisions of the statute violate Section 54 of the Constitution of Kentucky, which is as follows:

"The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."

This restriction relates to liability of a wrongdoer and applies to actions in tort and not to a contract·liability. Fidelity & Deposit Co. v. Commonwealth, 231 Ky. 346, 21 S. W. 2d 452; Ludwig v. Johnson, 243 Ky. 533, 534, 49 S. W. 2d 347. It seems broad enough to embrace the entire loss of an item of personal property by theft.

The appellant argues that these statutes do not so offend and that the enactment is a traditional and legitimate exercise of legislative power; that they constitute statutory relief from the extreme rigor of the ancient and archaic common law liability of innkeepers, the reasons for which severity no longer exist; and that these statutory provisions become a part of a contract under which a guest acquires the right to the accommodations and protection of a hotel, so the constitutional restriction does not forbid such relief with respect to contractual liability.

We may first point out the clear distinction between this case and that of Kentucky Hotel v. Cinotti, 298 Ky. 88, 182 S. W. 2d 27, 29. In that case the guest was leaving temporarily and placed his baggage in the check room under a contract of bailment. It was lost and he sued for breach of the contract. An allegation of negligence was expressly withdrawn from the petition. This present action is specifically based on negligence. As stated in the Kentucky Hotel case, Section 54 of the Constitution relates to wrongdoers and tort actions. We expressly avoided a determination of whether these statutes limiting liability are constitutional "in respect of negligence or in a case of proven theft or appropriation by an employee of the Hotel." Neither does it appear necessary in the present case to pass upon the constitutionality of these statutes other than the provision of KRS 306.020, making it a complete defense to an action for the recovery of valuable property which it covers if the guest neglects to place such property in the possession of the management for safe-keeping where the hotel has complied with those provisions. We ignore the provisions limiting liability to $300 where there has been a compliance by the guest, since we do not reach that question.

For the purpose of the decision, we shall concede without deciding that the documents are "valuable pa-

pers'' within the contemplation of the statute. As stated, the hotel had complied with the provisions of the statute and the appellee had not. He is barred from recovery for their loss if this part of the statute is constitutional. And we think it is. The particular provision of the statute we are now considering is not a limitation on the amount of liability as contemplated by Section 54 of the Constitution. It declares that a guest who neglects or fails to cooperate with the hotel proprietor in safeguarding his property may not impose liability upon him.

The restriction upon the right of recovery or the establishment of a complete defense—whichever the statute may be regarded—is not a radical departure from the rigorous rule of the common law which made an innkeeper liable as insurer of the safety of baggage of a guest, for that rule denied recovery if the loss was the fault or through the negligence of the guest himself. Goodyear Tire & Rubber Co. v. Altamont Springs Hotel Company, 206 Ky. 494, 267 S. W. 555; 28 Am. Jur., Innkeepers, Section 67; 43 C. J. S., Innkeepers, sec. 14. This part of the statute merely declares it to be the guest's fault or negligence if he does not put his valuables in a safe place provided by the proprietor. It classifies or makes specific that rule. It is indisputable that the Legislature has authority to change common law rules of evidence, and this statute may be regarded as doing so with respect to the matter of fault or negligence of a guest. If the Legislature may withdraw a certain defense in the interest of public welfare, such as to deny to an employer who refuses to come within the terms of the Workmen's Compensation Act, KRS 342.001 et seq., the right to rely upon contributory negligence and other defenses in an action for negligence, as we have held (Greene v. Caldwell, 170 Ky. 571, 186 S. W. 648, Ann. Cas. 1918B, 604), it logically follows that the Legislature may bar a recovery of compensation if a person fails to do something which has a natural and rational relation to an act of another person who would otherwise be liable for loss or injury. Cf. Tipton v. Estill Ice Company, 279 Ky. 793, 132 S. W. 2d 347. It is true that all the provisions of our statute in relation to this subject are negative, that is, declare conditions under which a hotel proprietor will not be liable, in whole or in part, and there is no statute placing any affirmative duty upon

him in this connection. But it is generally recognized that a Legislature may "create duties unknown to the common law for the protection and safety of persons toward whom under the common law a duty of care did not exist." 45 C. J. 714. If the Legislature may prescribe a duty, it may declare that a failure to discharge that duty will prevent recovery for any loss or injury that may be sustained if such failure concurred or contributed to bring about the loss. We have a common example in the violation of the statutory automobile speed law by a plaintiff relieving a defendant from liability, although he, too, failed to conform or was otherwise negligent. The common law of contributory negligence goes back to ancient days and is everywhere recognized as a rule of high degree in the administration of justice. The basis of that rule is present here, viz., the policy of making personal interests of men dependent upon his own prudence and care and of not permitting a party to recover for his own wrong or negligence. 45 C. J. 942.

Statutes of this kind have been quite generally enacted and treated as valid, for all the cases seem to relate to their application and interpretation. 28 Am. Jur., Innkeepers, Sec. 74; 43 C. J. S., Innkeepers, secs. 14, 17; Rockhill v. Congress Hotel Company, 237 Ill. 98, 86 N. E. 740, 22 L. R. A., N. S., 576, and Notes; Jones v. Savannah Hotel Company, 141 Ga. 530, 81 S. E. 874, 51 L R. A., N. S., 1168; Goodwin v. Georgian Hotel Company, 197 Wash. 173, 84 P. 2d 681, 119 A. L. R. 788. We are aware of no case where constitutional validity of such statutes has been considered. In our opinion KRS 306.020 is constitutional in its application to the facts of this case. Whether it would be sustained as exonerating a proprietor of a hotel from liability for a theft by himself or his employees is not considered, since such a question is not being dealt with. See 43 C. J. S., Innkeepers, sec. 17.

Under this conclusion, the trial court should have ruled as a matter of law that there could be no recovery for the value of the documents which the plaintiff regarded throughout as "valuable papers" within the purview of this statute. In reaching this conclusion we have not overlooked the argument of the appellee that there was an agreement or contract implied in law to care for

all his baggage and that these provisions of the statute, whether good or bad, became an integral part of the contract. Such was the decision in Kentucky Hotel v. Cinotti, supra, 298 Ky. 88, 182 S. W. 2d 27. We do not regard the case as of that class. As we have said, the suit is predicated upon a specific plea of negligence. Although the relationship was created by contract, the guest elected to treat the wrong as a tort and to bring his action ex delicto. A common instance of such cases is the wrongful ejection of a passenger from a train, for which an action ex delicto is usually prosecuted and the breach of contract disregarded.

We do not reach the question of the constitutionality of KRS 306.030(1) (c), which declares that the liability of a proprietor of a hotel shall not exceed $200 (unless upon a specific written agreement) for loss of property other than valuables described in 306.020, which declaration we construe as including a loss occasioned through the negligence of the proprietor or his employees. The amount claimed by the appellee as the value of his bag and baggage is only $177.20. So in no event are the parties affected by the limitation. It is a general rule of constitutional law that a party must be prejudiced or adversely affected by an act which he seeks to destroy. Marshall v. Donovon, 73 Ky. 681, 10 Bush 681; Keller v. Kentucky Alcoholic Beverage Control Board, 279 Ky. 272, 130 S. W. 2d 821.

We consider the merits of the point that a peremptory instruction should have been given for the appellant upon the ground that it was not negligent as a matter of law. The loss of the baggage of the guest while in the possession of the hotel having been established, the burden shifted to the defendant to go forward and produce evidence to show that the loss did not result from a cause for which it was liable. Goodyear Tire & Rubber Co. v. Altamont Springs Hotel Company, supra, 206 Ky. 494, 267 S. W. 555; Goodwin v. Georgian Hotel Company, supra, 197 Wash. 173, 84 P. 2d 681, 119 A. L. R. 789. Under all the circumstances, we are of opinion that there was sufficient evidence to submit the case to the jury on this issue.

Since the judgment is distinctly severable and the decision with respect to both items is likewise separate, we affirm so much of the judgment as embraces the claim

for the loss of the plaintiff's bag and baggage, namely, $177.20, and reverse the other part embracing the value of the papers.

Judgment affirmed in part and reversed in part.