## Steel v. Meek et al.

January 27, 1950.

James W. Turner, Judge.

88

C. F. See, Jr., for appellant.

Eldred E. Adams and Wheeler & Wheeler for appellees.

CLAY, COMMISSIONER—Affirming.

In this recount case, appellee was adjudged winner of the last November election for the office of Tax Commissioner of Lawrence County over appellant by a majority of two votes. As far as we are able to fathom appellant's brief, the determination of three questions is decisive of the controversy.

Appellant's most significant contention is that the absent voting statute, KRS Chapter 126, is unconsti-

tutional. The argument is that this law makes no special provision for absentee voting by the blind, the illiterate, or the disabled, and is, to that extent, discriminatory.

The merits of appellant's attack on this statute need not be considered for the reason that he does not show he was prejudiced by its alleged deficiency. While it is true the absentee votes finally controlled the outcome of the election, his only ground of unconstitutionality is that a certain class of voters might be unable to cast absentee ballots. Yet he failed to show that any members of this class were actually deprived of that right, or would have voted for him. Since he was not adversely affected by the alleged discriminatory features of the law, he will not be heard to question its validity. Keller v. Kentucky Alcoholic Beverage Control Board et al., 279 Ky. 272, 130 S. W. 2d 821; Milner Hotels, Inc., v. Lyon, 302 Ky. 717, 196 S. W. 2d 364.

Appellant's next contention is that the County Clerk did not follow strictly the procedure outlined in KRS Chapter 126 for the handling of absentee ballots. Among other irregularities, it is shown that out of 115 absentee ballots counted, 27 were prepared in the Clerk's office and were personally delivered to him. Under KRS 126.230, which provides for the preparation of the ballot by the voter, it is apparently contemplated that this act will be performed at a place other than the county of the voter's residence, and the provision is made that the voter shall "mail" the ballot to the County Court Clerk. Clearly this is directory, and not a mandatory, requirement.

At most the execution and delivery of the ballots in the County Clerk's office was an irregularity which would not authorize the disfranchisement of these 27 voters in the absence of any showing of bad faith, misconduct or fraud. See Stabile v. Osborne, 309 Ky. 427, 217 S. W. 2d 980; Bradley v. Chaffins et al., 309 Ky. 764, 218 S. W. 2d 975. The same principle governs the other alleged irregularities.

The next contention is that two ballots which were marked in the circles under both the Democratic and Republican emblems should not have been counted for appellee. On each of these ballots, after the voter had

made a mark under the party devices, he used a stencil opposite the names of candidates for both parties. There was no duplication of votes, nor is any difficulty presented in determining the intention of the voters.

While these ballots were not marked in the manner provided by KRS 118.280(2), that section itself anticipates the type of mistake here made when it declares the ballot shall not be counted "if for any reason it is impossible to determine the voter's choice for an office to be filled, * * * ." Since the intention of the voters casting the ballots under consideration is not impossible to determine, but is clearly manifest, the duplicate markings under both party emblems may be ignored and the votes must be counted.

The result of the above determinations is that appellee was the winner of the election, and it is unnecessary to consider other questions raised by the parties.

The judgment is affirmed.