Thelma L. STOVALL, Treasurer, Commonwealth of Kentucky, Appellant,

v.

EASTERN BAPTIST INSTITUTE, d/b/a The Mountain Craft Shop, et al., Appellees.

Thelma L. STOVALL, Treasurer, Commonwealth of Kentucky, Appellant,

v.

COMMONWEALTH of Kentucky ex rel., etc., et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1964.

Thomas F. Marshall, Frankfort, for appellant.

William M. Johnson, Frankfort, for appellee Eastern Baptist Institute.

Paul E. Tierney, Department of Economic Security, Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee Commonwealth of Kentucky.

CULLEN, Commissioner.

The refusal of the State Treasurer to honor warrants for loans approved under Chapter 21 of the Acts of 1962 (KRS 152.410 to 152.480) and Chapter 41 of the Acts of 1962 (KRS 216.750 to 216.780) precipitated two actions in which the constitutionality of the two Acts was placed in question. The circuit court entered judgments upholding the Acts and the State Treasurer has appealed.

Chapter 21 (KRS 152.410 to 152.480) creates a state "Arts and Craft Loan Fund Board" with authority to loan appropriated funds to nonprofit organizations "for the purposes of building inventories, purchase of equipment and supplies, purchase of finished products for marketing, establishment of craft centers, establishment of warehouses, establishment of display centers, or for any similar purpose that would develop the Kentucky arts and craft industry." The board is authorized to promulgate regulations fixing the rate of interest on loans, determining the amount and kind of security to be required, establishing standards for determining the soundness and feasibility of proposed projects, prescribing the form and contents of applications, and generally governing such other matters as the board may deem necessary.

Chapter 41 (KRS 216.750 to 216.780) creates a state "Nursing Home and Personal Care Home Loan Fund Board" with authority to loan appropriated funds to operators of nursing homes or personal care homes "for constructing, equipping, remodeling or re-equipping" such homes. This board is given powers to make regulations .substantially identical with those given the Arts and Craft Loan Fund Board by Chapter 21.

■ The first claimed ground of unconstitutionality is that each of the Acts delegates legislative power in violation of Section 27 of the Kentucky Constitution. Under the principles laid down in Commonwealth v. Associated Industries of Kentucky, Ky., 370 S.W.2d 584, this ground is not sustainable. It is our opinion, also, that even under the more restrictive view expressed in such cases as Bloemer v. Turner, 281 Ky. 832, 137 S.W.2d 387; Keller v. Kentucky Alcoholic Beverage Control Board, 279 Ky. 272, 130 S.W.2d 821, and Kerr v. City of Louisville, 271 Ky. 335, 111 S.W.2d 1046, the Acts in question do not make an invalid delegation of legislative authority, since the regulatory powers granted to the boards relate to administrative detail rather than basic policy.

■ The second ground on which the Acts are claimed to be unconstitutional is that they serve private rather than public purposes, in violation of Sections 3 and 171 of the Kentucky Constitution. For the reasons hereinafter stated we think this ground also is not sustainable.

■ The Arts and Crafts Act is designed to accomplish the purpose of "promotion, encouragement and development of the Kentucky arts and crafts industry," which "employs and provides a livelihood for many persons." This Court has recognized promotion of economic welfare, relief of unemployment, and stimulation of industry as legitimate public purposes. See Industrial Development Authority v. Eastern Kentucky Regional Planning Commission, Ky., 332 S.W.2d 274; Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80; Carman v. Hickman County, 185 Ky. 630, 215 S.W. 408. Development of the arts and craft industry may play a substantial part in the economic rehabilitation of depressed areas of this state. We think that the Arts and Crafts Act has a sufficient relation to the accomplishment of legitimate public purposes as to preclude interference by the courts with the legislative declaration of the public purpose of the Act.

■ The Nursing Home and Personal Care Home Act declares the public interest in providing suitable housing and care facilities for elderly persons. Under the principles laid down in Bowman v. Frost, 289 Ky. 826, 158 S.W.2d 945, we think this is a legitimate public purpose. The fact that there will be some private benefits from the Act does not negate its public purpose. Industrial Development Authority v. Eastern Kentucky Regional Planning Commission, Ky., 332 S.W.2d 274.

■ The Third contention is that each act violates the prohibitions of Section 177 of the Kentucky Constitution against a lending of the credit of the Commonwealth to any individual, company, etc., and against the making of a donation by the Commonwealth to any company, association, etc. This contention is fully answered by the opinion in Industrial Development Authority v. Eastern Kentucky Regional Planning Commission, Ky., 332 S.W.2d 274. As held in that case, there is no lending of credit, but only a lending of money; and the fact that both Acts contemplate the making of loans in instances in which financing is not available from conventional lending sources does not mean that the loans will be the equivalent of donations.

The judgments are affirmed.