Betty **ROTH** et al., Appellants,

v.

INVESTMENT PROPERTIES OF LEXINGTON, INC., Appellee.

Court of Appeals of Kentucky.

Jan. 6, 1978.

H. Lawson Walker, II, Riggs & Riggs, Erlanger, for appellants.

R. David Clark, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellee.

Before HAYES, REYNOLDS and VANCE, JJ.

VANCE, Judge:

Appellants' room at the Campbell House Inn in Lexington, Kentucky, owned and operated by appellee, was burglarized and money, credit cards, identification papers and other valuables were stolen. This action was instituted to recover the value of the stolen property. Appellee counterclaimed for the amount of the hotel bill.

Appellee posted in each of its guest rooms, including the room occupied by appellants, a printed notice that the Inn would not be responsible for loss of money, jewelry, or other valuables unless they were deposited in the hotel office and a receipt obtained therefor. There was likewise posted in each room a printed copy of former Kentucky Statutes, Section 2176, which exempted an innkeeper from liability for loss of a guest's property provided the innkeeper maintained a safe or vault for safekeeping and posted copies of the statute in the various public and private rooms of the Inn.

The registration cards of the Inn also contained a printed notice that the Inn would not be responsible for loss of money, jewels and other valuables not deposited in the safe in the office.

Summary judgment was granted to appellee on appellants' claim on the basis of KRS 306.020(1) which exempts an innkeeper from liability for loss of a guest's valuables if the innkeeper provides a safe for the safekeeping of the valuables and further posts a copy of the statute in a conspicuous place in the public rooms and office of the Inn notifying guests that a safe is provided in which their valuables may be deposited.

The appellee did not strictly comply with the statute. It did not post notice in the office and public rooms of the Inn, but posted the notice on the doors of each private room instead. It did not post a copy of the statute, but did post a copy of a previous statute, the import of which was almost identical.

Appellants contend that at common law an innkeeper was practically an insurer of

the property of his guest and that because KRS 306.020 is a statute in derogation of the common law it must be strictly construed. Although strict construction of statutes in derogation of the common law is a widely used principle of law, appellants cite no authority that it is the rule in Kentucky. KRS 446.080(1) provides as follows:

All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.

We conclude that the intent of the legislature was to exempt an innkeeper from liability for loss of the property of a guest if the innkeeper provides a place for safekeeping which the guest does not utilize and provided further that the innkeeper gives reasonable notice to the guests of the availability of the place of safekeeping and the fact that the statute exempts the innkeeper from liability if the guests fail to use the safekeeping facilities.

We think that the trial judge correctly held, as a matter of law, that the notice posted by appellee in each room offered more assurance that it would be seen than would a notice posted in the lobby or office. The appellee sufficiently complied with the intent of KRS 306.020(1) and is entitled to claim its protection as a defense. KRS 306.020 has been held constitutional in *Milner Hotels, Inc. v. Lyon*, 302 Ky. 717, 196 S.W.2d 364 (1946).

The summary judgment in favor of appellee for the hotel bill is not attacked on this appeal.

The judgment is affirmed.

All concur.